## BLAIR v. W. G. RAGLEY LUMBER CO.

Circuit Court of Appeals, Fifth Circuit. February 15, 1929.

No. 5422.

Mabel Walker Willebrandt, Asst. Atty. Gen., Sewall Key and Morton P. Fisher, Sp. Assts. Atty. Gen., and C. M. Charest, General Counsel, Bureau of Internal Revenue, and V. J. Heffernan, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for petitioner.

J. M. McMillin, of Dallas, Tex., for respondent.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. On appeal from a ruling of the Commissioner of Internal Revenue, determining deficiencies, to the Board of Tax Appeals, it was stipulated that the only questions presented were whether the method of computing the tax liability of respondent, a Louisiana corporation, for the years 1918, 1919, and 1920, should be that used by the Commissioner or by the taxpayer. Respondent admitted deficiencies of $15,667.17, $7,044.98, and $10,361.15, for the said years, respectively, while the Commissioner put the figures at $16,161.79, $7,-853.49, and $11,707.64 respectively. The Board held with respondent.

It appears that in the years in question, from time to time, respondent paid cash dividends to its stockholders; for example, in the year 1918, which is typical, dividends of $30,000 were paid on July 27th, August 21st, and September 28th. The Commissioner calculated the excess income and war profits taxes for the year and applied them pro rata throughout the year as of the date the dividends were paid. There were not always sufficient current earnings, if the said taxes were deducted, with which to pay the dividends, and the Commissioner decided that the capital was reduced to the extent of the difference and made his calculations accordingly.

It is unnecessary to consider the exceedingly intricate calculations indulged in by the Commissioner in determining the deficiencies, as the underlying principle to be decided is whether the taxes accrued from day to day or at the end of the year. We have reached the latter conclusion, as did the Board.

Taxes cannot be said to accrue until the amount is fixed, and that could not be done until the end of the year. Taxing statutes are to be construed in favor of the taxpayer, and it would be decidedly unjust to permit the Commissioner to arbitrarily determine that taxes had accrued at certain dates, for the purpose of decreasing capital, in order to increase the very taxes assessed, when the law expressly excludes from capital surplus and undivided profits earned during the year. The case of D'Olier et al. v. U. S., 61 Ct. Cl. 895, undoubtedly supports the contention of the Commissioner, but we decline to follow it. We prefer to follow the well-considered opinion of the Board of Tax Appeals in the Appeal of L. S. Ayers & Co., 1 B. T. A. 1135.

What we have just said is not in conflict with the decision in U. S. v. Anderson, 269 U. S. 422, 46 S. Ct. 131, 70 L. Ed. 347, also relied upon by the Commissioner. In that case the question was whether the taxpayer, keeping his books on the accrual basis, and from time to time setting up reserves for the payment of taxes, could ignore that method of bookkeeping and, instead of deducting taxes in the year for which they were as-

sessed, carry them over to the following year, in which they were actually paid, and then deduct them. The case gives no sanction to the method adopted by the Commissioner.

The petition is denied, and the judgment affirmed.